## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| TEN: THE ENTHUSIAST NETWORK MAGAZINES, LLC, | ) ) ) ) |
| Plaintiff, | ) ) ) |
| v. | ) C.A. No. 15-437-LPS ) |
| SCSW, LLC a/k/a SCSW, INC., | ) **CONSOLIDATED** ) |
| Defendant. | ) ) ) |
| SCSW, LLC, | ) ) ) |
| Plaintiff, | ) ) ) |
| v. | ) C.A. No. 15-504-LPS ) |
| TEN: THE ENTHUSIAST NETWORK MAGAZINES, LLC and SOURCE INTERLINK MAGAZINES, LLC, | ) ) ) ) |
| Defendants. | ) ) |

## **FINAL JUDGMENT**

This ____ day of _____, 2017, the Court having issued an Oral Order on October 19, 2017 (D.I. 106) that: Having reviewed TEN: The Enthusiast Network Magazines LLC's ("TEN") Motion to Enforce the Court's April 18, 2017 Order and for Terminating Sanctions against SCSW, LLC ("SCSW") (D.I. 103) and associated briefing (D.I. 104, 105), and in light of the Court's oral order directing SCSW to "file a response to Plaintiff's motion no later than fourteen (14) days after such motion is filed" and stating that "[s]hould Defendant fail to file a timely response, Plaintiff's motion will be granted" (D.I. 102), IT IS HEREBY ORDERED that: (1) the motion by TEN (D.I. 103) is GRANTED, as SCSW failed to file a response and the

1

deadline for such response has passed; and (2) in accordance with the Court's April 18, 2017 Order (D.I. 92), (i) SCSW's Answer in C.A. No. 15-437-LPS is STRICKEN, (ii) SCSW's Complaint in C.A. No. 15-504-LPS is DISMISSED, and (iii) judgment is entered against SCSW, and in favor of TEN, for the relief sought in TEN's complaint and an amount to be determined upon inquest, which shall include TEN's costs including attorneys' fees, as prevailing party, pursuant to the license agreement with SCSW; and

The Court's October 19, 2017 Order having been preceded by earlier Orders directing compliance by SCSW, including the Court's Oral Order on April 18, 2017 (D.I. 91) that:  Having reviewed the parties' joint letter (D.I. 90), IT IS HEREBY ORDERED that SCSW shall pay to TEN the actual costs incurred by TEN in bringing its motion (D.I. 86). The Court determines that it is reasonable to award these costs in light of the circumstances of this case, including that the Court previously ordered SCSW to appear for depositions (see D.I. 82 at 14-15) and that SCSW did not appear for those depositions, resulting in TEN's motion; and

The Court having issued an Order on April 18, 2017 (D.I. 92), which directed inter alia that:

1. SCSW's witnesses shall appear for deposition on the following dates certain: (a) April 26, 2017: Billy Meyer/SCSW's (30)(b)(6) designee; (b) April 28, 2017: Ryan Haas; (c) May 2, 2017: John Bandimere; (d) May 4, 2017: Lex Dudas; and (e) May 5, 2017: Steve Earwood.

2. SCSW shall pay to TEN the amount of $15,360, which represents the costs that TEN incurred in bringing its motion.

3. If any of SCSW's witnesses, *i.e.*, Billy Meyer, Ryan Haas, John Bandimere, Lex Dudas or Steve Earwood fail to appear on the above-specified dates for deposition, time being of the essence, then the following conditional parts of this Order shall take effect: (a) SCSW's Answer in C.A. No. 15-437-LPS shall be deemed STRICKEN; (b) SCSW's Complaint in C.A. No. 15-504-LPS shall be deemed DISMISSED; and (c) Judgment shall be entered against SCSW, and in favor of TEN, in an amount to be determined upon inquest, which amount shall include TEN's costs including attorneys' fees, as prevailing party, pursuant to the

license agreement with SCSW.

(D.I. 92); and

The Court having issued an ORAL ORDER on September 8, 2017 (D.I. 102) that: Having reviewed Plaintiff's recent letter (D.I. 101), IT IS HEREBY ORDERED that: (i) the stay in this case is LIFTED; (ii) Plaintiff shall file a motion to enforce the Court's April 18, 2017 Order; and (iii) Defendant shall file a response to Plaintiff's motion no later than fourteen (14) days after such motion is filed. Should Defendant fail to file a timely response, Plaintiff's motion will be granted; and

SCSW having appeared in this action, and SCSW having been represented by counsel throughout this litigation, and the Court having jurisdiction over SCSW, and SCSW having had notice of the motions and Orders discussed, including the application for Judgment, and a full and fair opportunity to be heard; and

The Court, upon inquest, having considered the application by TEN for relief and damages including costs and attorneys' fees, as prevailing party, pursuant to the license agreement with SCSW,

**IT IS HEREBY ORDERED**, in matter C.A. No. 15-437-LPS, that Judgment is entered for plaintiff TEN and against defendant SCSW on all counts of TEN's Complaint.

**IT IS FURTHER ORDERED** that TEN's marks "SUPER CHEVY" and "SUPER CHEVY SHOW" have been infringed as a direct and proximate result of the willful acts of SCSW as set forth in TEN's complaint, in violation of TEN's rights under section 43(a) of the Lanham Act, 15 U.S.C. §1125(a), and under California unfair competition law (Business And Professions Code Section 17200 et seq.).

(1)     **IT IS FURTHER ORDERED** that SCSW, its agents, servants, employees, officers, successors and assigns, and all persons, firms and corporations acting in concert or participation with SCSW or on SCSW's behalf, are permanently restrained, enjoined, and prohibited, from using the marks "SUPER CHEVY," "SUPER CHEVY SHOW," SUPERCHEVY.COMSHOW," and "SUPERCHEVY.COM", or any colorable imitations, translations, transliterations, or derivatives of TEN's marks "SUPER CHEVY" and "SUPER CHEVY SHOW" in connection with the events, the goods and services, or any goods and services related to the events.

(2)     **IT IS FURTHER ORDERED** that SCSW, its agents, servants, employees, officers, successors and assigns, and all persons, firms and corporations acting in concert or participation with SCSW or on SCSW's behalf, are permanently restrained, enjoined, and prohibited, from using the marks "SUPER CHEVY," "SUPER CHEVY SHOW," "SUPERCHEVY.COMSHOW," and "SUPERCHEVY.COM" or any colorable imitations, translations, transliterations, or derivatives of TEN's marks "SUPER CHEVY" and "SUPER CHEVY SHOW," to identify, advertise, market, or promote any of the events, the goods and services, or any goods and services related to the events.

(3)     **IT IS FURTHER ORDERED** that SCSW, its agents, servants, employees, officers, successors and assigns, and all persons, firms and corporations acting in concert or participation with SCSW or on SCSW's behalf, are permanently restrained, enjoined, and prohibited, from using any trademark, service mark, logo, design or trade name that falsely represents or has the effect of falsely representing that SCSW's business is sponsored by, authorized by, or in any way associated with TEN.

(4)     **IT IS FURTHER ORDERED** that SCSW, its agents, servants, employees, officers, successors and assigns, and all persons, firms and corporations acting in concert or participation with SCSW or on SCSW's behalf, are permanently restrained, enjoined, and prohibited, from using any domain name containing the word "SUPERCHEVY" or any word or phrase confusingly similar thereto on or in connection with the events, the goods and services, or any goods and services related to the events.

(5)     **IT IS FURTHER ORDERED** that SCSW, its agents, servants, employees, officers, successors and assigns, and all persons, firms and corporations acting in concert or participation with SCSW or on SCSW's behalf, are permanently restrained, enjoined, and prohibited, from infringing TEN's marks "SUPER CHEVY" and "SUPER CHEVY SHOW".

(6)     **IT IS FURTHER ORDERED** that SCSW, its agents, servants, employees, officers, successors and assigns, and all persons, firms and corporations acting in concert or participation with SCSW or on SCSW's behalf, are permanently restrained, enjoined, and prohibited, from falsely representing itself or its affiliates as being associated with or sponsored by TEN, or engaging in any act which is likely to cause members of the trade or public falsely to believe that SCSW or its affiliates are associated with TEN or that TEN is associated with SCSW.

(7)     **IT IS FURTHER ORDERED** that SCSW, its agents, servants, employees, officers, successors and assigns, and all persons, firms and corporations acting in concert or participation with SCSW or on SCSW's behalf, are permanently restrained, enjoined, and prohibited, from falsely representing itself or its affiliates as being the owners of the marks "SUPER CHEVY" and "SUPER CHEVY SHOW" or having authority to license the marks "SUPER CHEVY" and "SUPER CHEVY SHOW".

(8)     **IT IS FURTHER ORDERED** that SCSW, its agents, servants, employees, officers, successors and assigns, and all persons, firms and corporations acting in concert or participation with SCSW or on SCSW's behalf, are permanently restrained, enjoined, and prohibited, from doing any other act or thing likely to cause the public or the trade to believe that there is any connection between SCSW and TEN.

**IT IS FURTHER ORDERED** that TEN is entitled to any additional injunctive relief not specified above as provided for in §34 of the Lanham Act, 15 U.S.C. §1116.

**IT IS FURTHER ORDERED** that SCSW shall file with this Court and serve upon TEN within thirty (30) days after service of any injunction issued in this action, a written report under oath, confirming SCSW's compliance with paragraphs (1) – (8) set forth above, including all subparts, and setting forth in detail the steps taken by SCSW to so comply.

**IT IS FURTHER ORDERED** that TEN is entitled to damages equal to treble the greater of SCSW's profits or TEN's actual damages, or in the alternative statutory damages for each mark counterfeited by SCSW, plus pre-judgment and post-judgment interest, costs and attorneys' fees, pursuant to TEN's claims for trademark infringement, and unfair competition.

**IT IS FURTHER ORDERED** that TEN is entitled to damages pursuant to §35 of the Lanham Act, 15 U.S.C. §1117 in an amount equal to the greater of TEN's actual damages or SCSW's profits resulting from the use, advertising, marketing or promotion of the marks "SUPER CHEVY," "SUPER CHEVY SHOW," "SUPERCHEVY.COMSHOW," and "SUPERCHEVY.COM" in connection with the events, the goods and services, or any goods and services related to the events; and it is

**IT IS FURTHER ORDERED** that TEN shall have judgment against SCSW in the amount of $_____ ($_____), and shall be entitled to post-

judgment interest as of _____ at the statutory rate of _____, and TEN shall have execution therefore.

**IT IS FURTHER ORDERED** that TEN is awarded attorneys' fees, costs and disbursements in the total amount of $_____ ($_____), and shall be entitled to post-judgment interest as of _____ at the statutory rate of _____, and TEN shall have execution therefor.

**IT IS FURTHER ORDERED** that this Court shall retain jurisdiction over any dispute, action or proceeding arising out of or relating to this Judgment, including without limitation any supplemental application for attorneys' fees by TEN, as prevailing party and/or under the fee shifting statute, for amounts incurred in enforcing this Judgment.

**IT IS HEREBY ORDERED,** in matter C.A. No. 15-504-LPS, that Judgment is entered for defendant TEN and against plaintiff SCSW on all counts of SCSW's Complaint.  SCSW's Complaint against TEN and the claims therein are dismissed with prejudice.

        **SO ORDERED**, this _____ day of _____ 2017.

        _____
        THE HONORABLE LEONARD P. STARK
        CHIEF, UNITED STATES DISTRICT JUDGE